### SHIGEZUMI v. WHITE, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. December 6, 1920.)

No. 3531.

**Aliens ⬉⇒54—Proceeding for deportation sufficient to protect alien's rights.**

Where the record of a hearing before a board of special inquiry, resulting in an order for deportation of an alien, was forwarded to the Secretary of Labor, before whom a brief was also filed by counsel for the alien, his substantial rights *held* to have been as fully protected as by a formal appeal.

⬉⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Habeas corpus by K. Shigezumi, on behalf of Denhichi Ohgi, against Edward White, Commissioner of Immigration. Petition denied, and petitioner appeals. Affirmed.

Albert C. Aiken, of San Francisco, Cal., for appellant.

Frank M. Silva, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The appellant petitioned the court below for a writ of habeas corpus in behalf of Denhichi Ohgi, a native of Japan, who was at the time held in custody by the appellee for deportation back to that country.

By his own testimony, given before the board of special inquiry held under the act of Congress of February 5, 1917 (39 Stat. 874 [Comp. St. 1918, Comp. St. Supp. 1919, §§ 959, 960, 4289¼a–4289¼u]), he shipped from Japan without any passport and as a member of the crew of the steamship Tenyo Maru, and after the ship arrived at the port of San Francisco he surreptitiously entered the United States by swimming ashore. He was thereupon arrested and indicted in connection with his brother and brother-in-law, who were then in this country, charged with having conspired with them to commit that offense, to which indictment he pleaded guilty, and was sentenced to imprisonment for a term of six months, which he served, and, having been discharged from that imprisonment, was arrested for a violation of the immigration laws, and brought before the board of special inquiry for examination of his case, which board found in effect that the said Denhichi Ohgi "entered by water at a time or place other than as designated by immigration officials," and that he was "a Japanese laborer without the necessary passport, as provided in the agreement between the United States government and the Japanese government, in which agreement it is stipulated that no passport shall be issued to a laborer"—the board thereupon advising the offender to make any statement or argument he desired why he should not be deported in conformity with the law, to which the said alien answered:

"My lawyer will talk for me. I cannot say anything much, only that I do not want to be deported."

His attorney, having been given an opportunity to file a brief on behalf of his client, expressly conceded, according to the record, that the hearing was fair and impartial, and the unanimous opinion of the board was that the said Denhichi Ohgi be deported at the expense of the steamship company which brought him here, or at the expense of the government, as might be directed by the Secretary of Labor. The board also advised the said alien that he had no appeal from its decision, but that the record would be forwarded to the Secretary of Labor at Washington for his consideration, pending which he might

be released from custody upon furnishing a satisfactory bond in the sum of $500.

The record of the proceeding was subsequently forwarded to the Secretary of Labor, before whom counsel for the said alien filed a brief in his behalf, resulting in an adverse decision by the Secretary and an order by him for the deportation of the said Denhichi Ohgi. His imprisonment under that order was the basis of the application for a writ of habeas corpus, which the court below denied.

We agree with that court that the record, including the brief of the appellant's counsel, so submitted to the Secretary, and his action thereon, secured for the appellant every substantial right that he could have secured by a purely formal appeal.

The judgment is affirmed.